UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE ANNE D., | Case No.: 23-cv-1698-DDL |
| Plaintiff, | |
| | **ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | **[Dkt. No. 11]** |

On September 14, 2023, Melanie Anne D. ("Plaintiff") commenced an action against the Commissioner of Social Security, seeking review of a final adverse decision of the Commissioner. Dkt. No. 1.  On October 24, 2023, on the parties' joint motion, the Court issued an Order reversing the Commissioner's decision and remanding the case for further administrative proceedings. Dkt. No. 9.

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act (the "Joint Motion").  Dkt. No. 11.

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted following his appointment in December 2023.

The Equal Access to Justice Act ("EAJA") provides, in relevant part, that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C.A. § 2412(d)(1)(A).  Based on the parties' agreement and on the record before it, the Court finds the award of fees in the requested amount is appropriate here.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff MELANIE ANNE D. is awarded attorney's fees and expenses in the amount of eight hundred ninety-eight dollars and 28/100 ($ 898.28) under EAJA (28 U.S.C. Section 2412(d)), and costs in the amount of zero dollars ($0.00) under 28 U.S.C. Section 1920. This amount represents compensation for all legal services rendered by counsel on Plaintiff's behalf in connection with this civil action.

Following the issuance of this Order, the government will consider the matter of Plaintiff's assignment of EAJA fees to her counsel.  The ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). Upon entry of this Order, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, Jonathan O. Peña, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered Plaintiff's counsel.  Additionally, any payment of costs under 28 U.S.C. §1920 may be made either by electronic fund transfer (ETF) or by check.

Pursuant to the parties' agreement, payment of the agreed amount constitutes a compromise settlement of Plaintiff's request for EAJA attorney's fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or her counsel (including counsel's firm) may have relating to EAJA attorney's fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel and/or counsel's firm to seek Social Security Act attorney's fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

**IT IS SO ORDERED**.

Dated: January 26, 2024

Hon. David D. Leshner
United States Magistrate Judge